The next case on the calendar is Hudson Furniture v. Lighting Design. May it please the Court, good morning, Your Honors. I'm Robert L. Greener from the law firm of Robert L. Greener, P.C., and I'm here to represent the defendant appellants in this matter. This case is basically a trademark and copyright case with actually nothing extraordinary about the type of claim. There are allegations in the claim of patent violations. However, as the lower court pointed out in its decision, there was no evidence, either the preliminary junction phase or on my motion to reconsider, of actually any patent infringement whatsoever. The lower court- But there are patent claims in the complaint, right? Yes, there are patent claims in the complaint. Why isn't that enough to require transfer here? Because as the Supreme Court stated in Christensen v. Colt Industries, that patent law has to be essential to each of the claims in the matter in order for the court to obtain exclusive jurisdiction. Otherwise, it's not considered arising under 28 U.S.C. 1338. So if there's any other alternative claim to which the plaintiffs can get relief, then the matter is not considered an exclusive jurisdiction of the federal district court. And that was also followed in this district, sorry, in this circuit, in the matter of Job Law v. Bar Labs, Inc. And this court basically said, in order for exclusive jurisdiction, and I'm paraphrasing the decision, but basically if there's one theory supporting the for patent law, then it's exclusive. If there's any other alternative theory supporting a claim that does not rely on patent law, there's no arising jurisdiction under 28 U.S.C. 1338. So therefore, we have trademark and we have copyright claims, each alternative not dependent upon the patent law claims at all to which the plaintiffs can recover damages. Examples of a case where you would have mixed, and those cases are cited, would be where there was a claim for negligence in patent drafting. Even though it's a negligence claim against the lawyer, what's essential is the patent law case. Or if there's a breach of fiduciary duty that results from some kind of breach of obligation under patent law, that would be another example of a case where there would be exclusive jurisdiction. I thought that in the context of the negligence of drafting or breach of fiduciary duty, where patent law might be implicated in the claim, there it was important to see the significance of patent law to the claim being made as to whether transfer was necessary. But where you have a complaint that has patent law claims in it, patent law is obviously central to the resolution of those claims. You're saying that in that circumstance, we on appeal can consider the action? Absolutely. Because, as I said, even in a well-pledged complaint, if there's any other theory of recovery within that complaint, including trademark and copyright for which defendants can receive damages, in the example of Christensen, there was a monopoly claim to which the defendants could also seek damages that were not dependent upon the patent law claims. And therefore, the Court said that there was not exclusive jurisdiction of the Federal District in that claim. So this Court does have jurisdiction to hear this case, and the lower court improperly did not grant the reconsideration motion to rescind its alternative service and preliminary junction orders. Addressing the issue of the alternative service, first, I wish to point out that the defendants, probably the plaintiffs, never attempted any service whatsoever upon the defendants in this case. They immediately moved within days of filing their application from preliminary junction and the complaint, and never attempted any kind of service whatsoever. Were they required to try some other type of service? Is there law stating that prior to seeking this alternative service, they have to try some other means? In the case of Fabico v. Balki, which I do cite, the Court does recite in this district where you're seeking to serve upon a foreign defendant that there has to be some kind of good faith showing that there was a reasonable attempt to effectuate service and it was not available, and that the showing of the circumstances that the Court's intervention is necessary. In this case, there was no good faith attempt to serve, even though the plaintiffs knew exactly where the defendants resided because they had his address. And also, they never adequately showed that there was any circumstances that necessitated an immediate service. So while it's a case-by-case basis, you know, cases like the Payne case, the Mattel case, the GLG case, all of those cases demonstrated there was some attempt to serve the defendants, but they did not make themselves available. Now, finally, going to the question of whether or not service on an Austrian resident is proper, what I do want to point out, what makes it different, why this case should follow the Prewitt and Freedom Watch case, is because what made it unique in those cases and why they said that service by alternative means on an Australian defendant was an affront to the laws of Austria, is because in Austria, service of process is a judicial event and requires the judiciary of Austria specifically to serve. That's why of all the cases, Austria is always unique, and until recently, all the other courts that addressed this issue held that you cannot serve alternative service in Austria. Now, Austria is a member of the Hague Convention on Civil Service, and they have ratified the treaty excluding Article 10, which provides for alternative service because they don't allow it in their country. You have to obtain the help of the judiciary, and you also have to translate all the papers in German, which was not done here. It would be the kind of akin to imagining a German defendant or Austrian defendant obtaining a judgment, coming to this court, coming to the United States and then obtaining a restraining order on a bank account without coming to the court. Of course, this court would find that an affront to its jurisdiction and would not allow that. It's the same thing in Austria. And my time is up, unless there's any other questions. Thank you, Your Honor. Thank you. We'll hear from your adversary. Good morning, Your Honors, and it may please the court, Patrick Hines from Hudson-Russ on behalf of the appellees, here with my partner, Neal Freedman. I'd like to start by touching briefly on the subject matter jurisdiction issue. I'll move on to the personal jurisdiction issue, and then subject to the questions of the Court, I'll move on to the injunction. With respect to subject matter jurisdiction, based on the Court's questions, I think the Court's identifying the correct issue, which is that when the case presented to the district court arises in whole or in part from patent law, the Federal Circuit has exclusive jurisdiction. It has so held. And the cases that the defendants' appellants are citing here are cases in which patent law and patent claims are not central to the case. They have to do with unfair competition to deprive someone of the benefit of their patent rights. But does it matter, though, that what we're deciding here with regard to this preliminary injunction does not, in fact, involve the patent claims of the complaint, that we're not actually to rule on the propriety of that doesn't require us to look to patent law? And so how should that, or shouldn't that, factor into whether or not we have and should exercise jurisdiction here? Thank you, Your Honor. That does not matter whether the Federal Circuit has jurisdiction under the statutes. The statutes themselves, both 1295 and 1292, with respect to interlocutory orders, they talk about arising from patent law or cases where the Federal Circuit would otherwise have jurisdiction under 1295. And they make no reference to appeals that specifically address issues of patent law. They talk about cases arising from patent law. And courts have held that when the case presented to the district court arises from patent law, that is what confers exclusive jurisdiction. Moving on now to the personal jurisdictions issues, one point I want to make on standard of review. Here, to be clear, the decision of whether alternative service is appropriate in fashioning a method, that is a discretionary decision of the district court. Review for constitutionality is what is de novo. So here the standard of review is, in fact, abuse of discretion. And there was no such abuse of discretion here. I want to be clear on the timeline of how this all occurred. At the time that our motion was made and the time the order was entered and at the time service was affected and jurisdiction attached, Austria had signed but not ratified the Hague Convention on Service. They had not deposited their instruments of ratification, according to the Hague Conference website, which defendants cite, until July 14th. Service was effected on July 9th. And I also note, according to the same website that defendants cited, the Hague Convention on Service did not enter into force for Austria until 12 September 2020. So at the time Hague Convention did not apply, it was not in effect in Austria. And the Court asked earlier whether there was some obligation to attempt some other service before proceeding under alternative methods. And the answer is no, that is not required. As courts have repeatedly held, Rule 4F3 stands on the same footing with respect to serving foreign defendants as Rules 4F1 and 4F2. There is no exhaustion requirements. What the Southern District has put a judicial gloss on is a couple of guideposts that guide the exercise of discretion. But again, they are not akin to an exhaustion requirement. And here, in the Court's discretion, based on the record before it, the district court decided that, in its discretion, alternative methods were appropriate and fashioned the appropriate relief. There's no serious question here that the relief fashion was constitutional. Obviously, under all of the circumstances, we are able to show that the defendant, in fact, used those e-mail addresses, that they were delivered, that they were opened, and that the papers were downloaded. Obviously, Mr. Greener represents the same defendant, in fact, in front of the same defendants in the case. We reached out to him before we made the motion to say, please accept service. He talked to his client and said no. We then served him with the papers seeking alternative service. And then, obviously, after alternative service was granted, the defendant appeared and challenged the injunction. So, obviously, under all the circumstances, this relief was fashioned to give him appropriate notice and an opportunity to respond, which he accepted. Moving on just briefly, then, to the preliminary injunction with respect to the retroactivity of the Trademark Modernization Act. As defendants astutely cited in their brief, in the uncodified portion of the law, it's at Public Law 116-260, Subtitle B, Section 226B, it says that the codification of the presumption of irreparable harm should not be construed to mean that there wasn't such a presumption before they codified that presumption. So that's a nod to the circuit split that existed post-eBay. Does the presumption still apply? Does it not? The Ninth Circuit said it doesn't apply. Others said it did. McCarthy's treatise said it should continue to apply. Congress resolved that and made a nod to say, by the way, don't construe this to mean it didn't exist before. So we were entitled to the presumption. And if the Court has any questions about that, certainly it can fashion a very narrow relief here where you have the injunction in place. And so for anyone who has an injunction in place, what's the difference in leaving it in place now? You can leave for another day, whether if I was denied an injunction because I wasn't entitled to the presumption. That doesn't need to be resolved in this case and in the Court can fashion very narrow relief if it has any concerns at all about retroactivity. And unless the Court has any other questions, I'll yield back the remainder of my time.  GOTTLIEB We'll hear rebuttal. MR. GARGANO Just a few points. There is no other cases that the defendants have – I'm sorry, plaintiffs have cited that would indicate a same-fact pattern where they moved immediately within days of a preliminary injunction to serve alternatively. Almost all the cases that I've mentioned earlier and that are in the briefs, there was some kind of presentation to the District Court that there was either attempts to avoid service or that these defendants were notoriously difficult to find. None of that existed here. They immediately moved based upon the facts of an irrelevant case in order to have to is not of grounds for the Court to grant such. And even Judge Gorenstein in the GLG case indicated that there has to be some kind of attempt, at least demonstration of good-faith effort. Also, as far as alternative service, Austria doesn't allow alternative service on attorneys. And this is discussed at length in the 2015 District Court case in Freedom Watch, where the D.C. Circuit did remand it to the District Court for there to review does Austria allow service on an attorney. And the Court said in the negative, no, they do not. So the fact that counsel reached out to me is inconsequential. They needed to follow the laws of Austria, and they knew at the time that the defendant resided there. Finally, what I find interesting is that counsel is asking this Court to apply the TMA retroactively three months before to apply a standard that didn't exist at the time that the lower court decided the preliminary injunction application. However, he doesn't want or indicate to the Court that you shouldn't do the same to apply the Hague Convention, which actually took place and was ratified at the same time that this case was being heard by the lower court. So without being hypocritical, counsel can't argue that this Court shouldn't apply that standard to this case as well if he'd like the TMA also to be applied to this case as well. And even under the TMA standard, you'll still find that the defendant, plaintiff, sorry, was not able to prove that there was irreparable harm in this matter. There was no evidence submitted to the Court. Thank you. Thank you both, and we'll take the matter under advisement.